**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4598**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

ERNEST ELI COOK, III,

                 Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:10-cr-00433-CCE-1)

Submitted:  January 18, 2013        Decided:  February 14, 2013

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S.
Trivette, Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Eli Cook, III, appeals his sentence of seventy-eight months of imprisonment imposed on remand for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Cook's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether Cook's sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) (2006). Cook's supplemental pro se brief challenges the two-level increase in his offense level pursuant to U.S. Sentencing Guidelines Manual "USSG" § 2K2.1(b)(4)(A) (2010) and the determination of his Criminal History Category. We affirm.

We review Cook's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for significant procedural errors, including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing under clearly erroneous facts, or failing to adequately explain the sentence. Id. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

First, Cook has at least one predicate felony conviction for a crime of violence, a North Carolina conviction for robbery with a dangerous weapon. United States v. White, 571 F.3d 365, 371 n.5 (4th Cir. 2009). Accordingly, under USSG § 2K2.1(a)(4) (2010), Cook was correctly assigned a base offense level of twenty. Because the firearm he was convicted of possessing was in fact stolen, his offense level was properly increased by two levels, regardless of whether Cook knew the weapon was stolen. See United States v. Taylor, 659 F.3d 339, 343-44 (4th Cir.) (upholding validity of USSG § 2K2.1(b)(4)(A) enhancement despite the fact that it lacks a mens rea requirement), cert. denied, 132 S. Ct. 1817 (2012). Cook was also properly placed in Criminal History Category IV, resulting in a sentencing range of sixty-three to seventy-eight months. The district court also clearly explained its reasoning, which was properly grounded in the factors set forth in 18 U.S.C. § 3553(a). We accordingly conclude that the sentence is procedurally reasonable.

Cook has also failed to rebut the presumption of reasonableness we afford his within-Guidelines sentence. United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011). The district court fully considered Cook's request that at least a portion of Cook's sentence run concurrently with his then undischarged state term of

3

imprisonment and ordered that nineteen months of his sentence would run concurrently. USSG § 5G1.3(c) (2010) (policy statement). Accordingly, we conclude that Cook's sentence is substantively reasonable, as well.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no other meritorious issues for appeal. We therefore affirm Cook's sentence. This court requires that counsel inform Cook, in writing, of his right to petition the Supreme Court of the United States for further review. If Cook requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cook. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4